IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 7:00-CR-004-D (4) |
| | § | |
| GERALD HENRY BOWERMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION

Defendant Gerald Henry Bowerman ("Bowerman") moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines. For the reasons that follow, the court grants the motion, but reduces his sentence to a lesser extent that he requests in his motion.

When considering a § 3582(c)(2) motion, the court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If he is eligible, the court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. The court is under no obligation to reduce the defendant's sentence. *United States v. Evans*, 587 F.3d 667, 673 & 673 n.9 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) (per curiam)). And because the court is not obligated to reduce the sentence at all, it does not have to reduce it further than it did within the recalculated guidelines range. *See id.* at 673.

It is undisputed that Bowerman is eligible for a sentence reduction. He is serving a sentence that is based on a sentencing range that has been subsequently lowered by the United States

Sentencing Commission through an amendment listed in U.S.S.G. § 1B1.10(d). At his latest resentencing, the total offense level was a 38, the range was 235 to 293 months, and Judge Buchmeyer sentenced him to a term of 260 months' imprisonment. His new guideline range is 188 to 235 months based on an offense level of 36.

The government maintains the court should reduce his sentence to 235 months: the top of the new guideline range. It distinguishes Bowerman from his codefendant daughter Dana (whose sentence was reduced to 188 months' imprisonment), contending that Bowerman has never accepted responsibility or showed remorse, and that the judge who previously sentenced him did not comment about the severity or leniency of the sentence (as he did about Dana's sentence). The government also maintains that Bowerman's achievements while incarcerated are not as impressive as Dana's, that Bowerman possessed firearms during the conspiracy, and that he fled after the jury verdict, resulting in a conviction for failure to appear at sentencing, to be served consecutively to the instant sentence. The government suggests that his 18-month sentence for failure to appear for sentencing may have been higher had the sentencing judge not assumed that Bowerman would first be serving a sentence of 300 months for conspiracy.

Bowerman maintains in reply that a sentence at the top of the new guideline range of 235 months would be inappropriate because his current sentence is 33 months lower than the maximum of the then-applicable guideline range, and his new sentence should be proportionately reduced; he is nearly 70 years old and in deteriorating health, and would receive better treatment and care outside a correctional facility; and as a result of his age and deteriorating health, he poses no risk of future harm to the public. He contends that the court should reduce his sentence to 188 months, or, alternatively, no more than 202 months.

Having considered the § 3553(a) factors, the government's contentions, and defendant's arguments (including the exhibits on which he relies in his reply), the court concludes in its discretion that defendant's motion should be granted, and that his sentence should be reduced to 210 months. Although the court does not disagree with Bowerman that his age and deteriorating health have the effect of lowering the risk he presents to the public, this bears upon only one § 3553(a) factor. *See* 18 U.S.C. § 3553(a)(2)(C). When all the § 3553(a) factors are considered, the court concludes in its discretion that Bowerman's sentence should be proportionally reduced to 210 months' imprisonment.

Accordingly, the court is reducing Bowerman's sentence to 210 months' imprisonment by order filed today.

July 22, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE